**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENNIS VERNON KING,

    Petitioner,                               Civil No. 4:08-CV-13671
                                                     HONORABLE STEPHEN J. MURPHY, III
v.                                             UNITED STATES DISTRICT JUDGE

MIKE COX,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Dennis Vernon King, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his application, filed *pro* se, petitioner King appears to challenge his 2001 conviction for stealing from a bank, safe, vault or other depository. He also appears to challenge the Michigan Parole Board's refusal to grant him parole on this conviction.[2] For the reasons stated below, the petition for writ of habeas corpus is summarily

---

[1] Petitioner has named Mike Cox, the Michigan Attorney General, as the respondent. The only proper respondent in a habeas case is the habeas petitioner's custodian, who in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006)(citing *Hogan v. Hanks,* 97 F.3d 189, 190 (7th Cir. 1996); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is the warden of the prison where petitioner is incarcerated. However, because the Court is summarily dismissing the petition, it will not do so in this case. *See Logan v. Booker,* No. 2:06-cv-14240, 2007 WL 2225887, * 1, n 1 (E.D. Mich. August 1, 2007).

[2] Although Rule 2(d) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, requires that a habeas petitioner who seeks to attack the validity of the judgments of two or more state courts must do so by filing separate habeas petitions, Rule 2(d) does not require that petitioner bring his challenge to his underlying criminal conviction and his challenge to the Michigan Parole Board's decision to deny him parole in separate petitions, because the Michigan Parole Board is not a state court and its decision to deny him parole was not a state court judgment within the meaning of that rule. *See Story v. Collins,* 920 F. 2d 1247, 1251 (5th Cir. 1991).

1

dismissed, in part with prejudice and in part without prejudice.

## I.  Background

King pleaded guilty to the above offense in the Livingston County Circuit Court. On May 7, 2001, he was sentenced to one hundred months to twenty years in prison. He acknowledges in his petition that he never appealed his conviction to the Michigan Court of Appeals or to the Michigan Supreme Court. King has now filed a petition for writ of habeas corpus with this Court. He appears to argue that the sentence he received for his conviction was excessive or disproportionate. He also appears to argue that the Michigan Parole Board wrongfully denied him parole for this offense.

## II.  Discussion

It is unclear from the petition whether King is challenging his underlying conviction and sentence, the denial of parole, or both; because King is proceeding *pro se*, the Court will assume that he is challenging both. For the reasons that follow, his petition is subject to summary dismissal.

### A.  The claims involving petitioner's criminal conviction and sentence.

To the extent that it challenges King's conviction and sentence, the petition for writ of habeas corpus must be dismissed without prejudice, because there is no indication that he exhausted his state court remedies with respect to his criminal conviction and sentence.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U.S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of habeas claims that a petitioner could have but failed to raise in state proceedings. 28 U.S.C. § 2254(c); *see Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas relief on that issue. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996), citing *Dombkowski v. Johnson*, 488 F. 2d 68, 70 (6th Cir. 1973). A habeas petitioner has the burden of proving that he has exhausted his state court remedies, *Rust v. Zent,* 17 F. 3d 155, 160 (6th Cir. 1994), and a plaintiff's failure to exhaust state remedies may be raised *sua sponte* by a federal court, *Prather v. Rees*, 822 F. 2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(3).

By his own admission, petitioner King has failed to exhaust any habeas claims in regard to his criminal conviction As a result, Thus, his petition is subject to dismissal unless there are no further state procedures for him to exhaust.

Further state remedies do exist in this case. Under Michigan law, King was permitted to file a delayed application for leave to appeal his sentence within twelve months of its entry. M.C.R. 7.205(F)(3); *People v. Jackson*, 465 Mich. 390, 396 & n.6 (2001). Because King was sentenced on May 7, 2001, the time for him to seek direct appellate review of his case appears to have expired. Exhausting Michigan's state-

3

court remedies, however, also requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). In Michigan this form of collateral attack on a criminal conviction is available even after the time limit for applying for leave to appeal the conviction has expired. *See People v. Ward*, 459 Mich. 602, 614 (1999). Thus, in this case King could exhaust any claims involving his underlying conviction and sentence by filing such a motion with the Livingston County Circuit Court. The court would then be authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508(B) and (C). A trial court's denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509, 7.203, 7.302; *People v. Pennington*, 240 N.W. 2d 188, 190-91 (Mich. Ct. App.)

Because there is no indication that petitioner King has filed a post-conviction motion for relief from judgment, he has failed to exhaust his claims in the state courts regarding his conviction. Therefore, the portion of his habeas petition attacking the conviction will be dismissed without prejudice.

### B. The claims involving the wrongful denial of parole

A petition for a writ of habeas corpus may be summarily dismissed if it appears legally insufficient on its face . 28 U.S.C. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; 28 U.S.C. § 2243; *McFarland v. Scott,* 512 U.S. 849, 856 (1994).

After undertaking the review required by Rule 4, this Court concludes that insofar as King challenges his denial of parole, his claims do not entitle him to habeas relief, and his portion of his petition is therefore summarily denied.³

A convicted defendant has no constitutional right to be conditionally released before the expiration of a valid sentence, *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), and thus "there is no fundamental right to parole under the federal constitution," *Jackson v. Jamrog,* 411 F. 3d 615, 619. Because Michigan law makes a prisoner's release discretionary with the parole board, Mich. Comp. Laws § 791.234(11); *Jones v. Dep't of Corr.*, 468 Mich. 646, 652 (2003), King has no state-law right to parole either, *Hurst v. Department of Corrections Parole Bd.*, 325 N.W. 2d 615, 616 (Mich. App. 1982).

Finally, there is also no federal constitutional right to due process in Michigan parole proceedings-- the relevant statute, Michigan Compiled Laws 791.233, does not create a "liberty" interest in parole of the kind protected by the federal Constitution, because it does not place any substantive limitations on the discretion of the parole board through the use of particularized standards mandating a particular result. *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. 1991). As a result, King had no right to expect the parole board to follow state procedural rules as a matter of federal due process, and therefore is manifestly not entitled to habeas relief on his parole denial claims. *Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990).

---

³ It does not appear that King has pursued any of his parole-denial claims in state court. However, because Michigan law provides no procedures for a prisoner to challenge an adverse decision of the Michigan Parole Board, *see Jackson v. Jamrog,* 411 F. 3d 615, 618 (6th Cir. 2005), King's failure to exhaust his parole denial claim with the state courts is excusable, *id.*

In summary, because petitioner's claims regarding his underlying criminal conviction have never been presented to any state court, these claims are dismissed without prejudice pending their exhaustion in the state courts. Petitioner's parole denial claims are dismissed with prejudice because they are non-cognizable on federal habeas review.

When a habeas petition contains both exhausted and unexhausted claim, a district court does have discretion to stay the petition for a limited time, to allow the petitioner to present his unexhausted claims in state court. *See generally Rhines v. Weber,* 125 S. Ct 1528 (2005). In this case, however, a stay of King's application for a writ of habeas corpus would be inappropriate, because all of his cognizable claims (that is, all his claims regarding his initial conviction) are unexhausted, and the Court thus lacks jurisdiction over the petition until those claims are exhausted in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Meyer v. Warren,* No. 03-71307-DT, 2006 WL 2644991, at *3 (E.D. Mich. Sept. 14, 2006).

**C. A Certificate of Appealability.**

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, he must be granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b)(1). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b).

A COA may be issued "only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* On the other hand, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows both that jurists of reason could find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason could find it debatable whether the district court was correct in its procedural ruling. *Id.* In applying this standard, a district court may not conduct a full review of the merits of a habeas petition, but must "limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), making only "an overview of the claims . . . and a general assessment of their merits." *Id.* at 336. 3

After conducting the required inquiry, and for the reasons stated above, the Court finds that petitioner King has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented, *see* 28 U.S.C. § 2253(c)(2), and should not receive any encouragement to proceed further, *cf. Slack v.*

7

*McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). With respect to his original conviction, for the reasons stated above, reasonable jurists would not find it debatable as to whether King has exhausted his state court remedies or demonstrate that he has a protected liberty interest in being granted parole. Because the Court can discern no good faith basis for an appeal, a certificate of appealability is denied.

Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that, for the reasons stated above, any appeal taken in this case would be frivolous. Leave to appeal *in forma pauperis* is therefore also denied.

### III. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** with respect to the claims arising from petitioner's 2001 conviction and sentence for stealing from a bank, safe, vault, or other depository.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** with respect to the claims arising from the Michigan Parole Board's decision to deny petitioner release on parole.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

/s/ Stephen J. Murphy, III
**HON. STEPHEN J. MURPHY, III**
UNITED STATES DISTRICT JUDGE

DATED: October 1, 2008.

**CERTIFICATE OF SERVICE**

I hearby certify that on __October 2, 2008__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
　　　　　　Dennis King
_____.

s/Alissa Greer
Case Manager